THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY

*v.*

THE TOWN OF CICERO.

*Filed at Springfield January 14, 1895.*

1. EMINENT DOMAIN—*when allowance of improper question as to damages will not reverse.*  The allowance, in a proceeding to open a street across a railroad right of way, of a question based upon a wrong assumption as to elements of damage is not prejudicial, where there is no evidence tending to prove more than nominal damages, which the jury allowed.

2. In respect to certain questions involved, this case is controlled by *Chicago and Northwestern Railway Co.* v. *Town of Cicero,* 154 Ill. 656.

APPEAL from the Superior Court of Cook county; the Hon. JONAS HUTCHINSON, Judge, presiding.

C. S. DARROW, A. W. PULVER, and W. C. GOUDY, for appellant.

FARLIN Q. BALL, and E. J. WHITEHEAD, for appellee.

Mr. Justice Baker delivered the opinion of the court:

This was a proceeding by the town of Cicero, against the Chicago and Northwestern Railway Company, for the opening of a street from the south line of Lake street to the north line of South Boulevard, in the village of Oak Park, in the town of Cicero.

In respect to the questions which are decided adversely to the contentions of appellant in the case of *Chicago and Northwestern Railway Co.* v. *Town of Cicero,* 154 Ill. 656, for the opening of Park avenue, this case is exactly like that, and the decision made in that case must govern this. But in respect to the matters upon which the judgment of the Superior Court of Cook county was reversed the cases are materially different. It is shown in this case that the proposed street crossing is situate in the village of Oak Park, a town of some five or six thousand inhabitants, lying eight miles west of the main station of the Chicago and Northwestern Railway Company, in Chicago; that through such village the right of way of the railway company is a little less than ninety-one feet wide; that the only land here owned by appellant is the so-called right of way; that upon each side of this right of way, running parallel to it, is a public street; that one station is situate about seven hundred feet east of the proposed opening, and another station about twelve hundred and fifty feet west of the proposed opening; that this proposed opening is six hundred and sixty feet west of the nearest street crossing on the east of it, and about three hundred and sixty feet east of the nearest street crossing on the west of it; that one-half a mile to the west there is a railroad yard quite a number of acres in extent; that east of the station, to the east of the proposed opening, a spur track starts from the main line, and runs from there east toward the city of Chicago; that the only use to which this right of way between said two stations has ever been put by the railway company

is the occupation of a portion of the same by its two main tracks; that there is no side-track between the two stations spoken of; that the land along the railway to the north and south, between the two stations, is occupied for residence purposes, and at the next crossing east the street is used for business purposes.

It thus appears that this case is essentially different, in its facts, from the Park avenue case. There was here no evidence, either introduced or offered, that proved or tended to prove that the property involved in the condemnation proceeding was peculiarly adapted to any special use. This case also differs from that, in that no evidence proffered by appellant was excluded from the jury. It is true that a question which is condemned in the opinion in that case was permitted in this case to be asked Wilson, a witness for the petitioner, over the objection and exception of appellant. But as in this case there was no evidence tending to prove more than nominal damages, or, rather, more than a nominal value to the use for railroad purposes of the land taken for the street, it is plain that neither the question nor the answer worked any injury to the rights of appellant. And for the same reason the giving in this case of the instruction which it was held should not have been given in that case did not here constitute substantial and reversible error. Appellant was in this proceeding awarded a nominal compensation of one dollar and fifty cents, and that, in any view that we can take of the law and the evidence, was quite as much as it was entitled to receive.

The judgment of the Superior Court of Cook county is affirmed.

*Judgment affirmed.*